LONDON v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.  May 13, 1909.)

No. 2,915.

PUBLIC LANDS (§ 21*)—MAKING FALSE AFFIDAVIT UNDER TIMBER AND STONE ACT—CRIMINAL LIABILITY.

An indictment will not lie under Rev. St. § 4746, as amended by Act July 7, 1898, c. 578, 30 Stat. 718 (U. S. Comp. St. 1901, p. 3279), for the making of a false affidavit under the provisions of Timber and Stone Act June 3, 1878, c. 151, § 2, 20 Stat. 89, as amended by Act Aug. 4, 1892, c. 375, 27 Stat. 348 (U. S. Comp. St. 1901, p. 1545); and an illegal conviction based on such an indictment cannot be sustained under the general perjury statute (Rev. St. § 5392 [U. S. Comp. St. 1901, p. 3653]).

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 21.*]

In Error to the District Court of the United States for the Western District of Arkansas.

J. E. London, for plaintiff in error.
L. W. Gregg and Ira D. Oglesby, for the United States.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

PER CURIAM.  Since the judgment of conviction was rendered in this action the Supreme Court of the United States in the case of United States v. F. W. Keitel et al., 211 U. S. 370, 29 Sup. Ct. 123, 53 L. Ed. ——, has decided that an indictment will not lie under section 4746, Revised Statutes of the United States, as amended by Act July 7, 1898, c. 578, 30 Stat. 718 (U. S. Comp. St. 1901, p. 3279), for the false making of an affidavit under the provisions of section 2 of the act of Congress of June 3, 1878 (20 Stat. 89, c. 151), entitled "An act for the sale of timber lands in the states of California, Oregon, Nevada and Washington Territory," and extended to all the public land states by Act Aug. 4, 1892, c. 375, 27 Stat. 348 (U. S. Comp. St. 1901, p. 1545).

As the plaintiff in error was convicted under section 4746, Revised Statutes of the United States, for the false making of an affidavit under section 2 of the act of June 3, 1878, it necessarily follows that on the authority of the case above cited the judgment of the court below must be reversed, unless the conviction can be sustained under section 5392, Revised Statutes of the United States (U. S. Comp. St. 1901, p. 3653), being the general perjury statute.  A careful consideration of the record leads us to the conclusion that neither the law nor a due regard for the orderly administration of justice will permit the illegal conviction of the plaintiff in error under section 4746 to be sustained by endeavoring to bring the indictment and proof under another section of the Revised Statutes which might have been applicable had the United States chosen to charge the plaintiff in error thereunder.  False swearing under section 2 of the act of June 3, 1878,

subjects the offender to all the pains and penalties of perjury, and it is quite probable that the plaintiff in error in a prosecution for perjury would be entitled to instructions by the trial court that he would not be entitled to under section 4746, above mentioned.

The judgment of the District Court is reversed, and the case remanded, with directions to quash the indictment.