## PATTERSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1910.)

No. 1,810.

PERJURY (§ 11\*)—PATENT LAWS—COMMISSIONERS' RULES—OFFENSES—PERJURY.

Rev. St. § 4886 (U. S. Comp. St. 1901, p. 3382), requires an applicant for a patent to make oath that he fairly believes himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition, or improvement for which he solicits a patent, that he does not know and does not believe that the same was ever before known or used, and shall state of what country he is a citizen. The Commissioner of patents, with the approval of the Secretary of Interior, under authority to make rules, promulgated rule 46, providing that the applicant shall make oath or affirmation that he does verily believe himself to be the original and first inventor and discoverer of the art, and also to state whether he is the "sole"or joint inventor of the invention claimed in his application. Section 5392 (page 3653) declares that every person who, in any case in which a law of the United States authorizes an oath to be administered, willfully and contrary to his oath states any material matter which he does not believe to be true, is guilty of perjury. *Held* that, since the Interior Department could not by rule or regulation add any word or words to the statutory oath, an applicant for a patent was not guilty of perjury, though he falsely stated that he was the "sole" inventor of the article for which a patent was applied.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. § 48; Dec. Dig. § 11.\*]

In Error to the District Court of the United States for the District of Oregon.

Charles A. Patterson was convicted of perjury, and he brings error. Reversed.

H. H. Riddell, for plaintiff in error.

Walter H. Evans, Asst. U. S. Atty.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was charged by indictment in the court below with the crime of perjury, assigned upon an oath taken by him before a notary public in support of an application for a patent for a one-piece harness buckle.

The statute relating to such patents contains these, among other, provisions:

"Sec. 4886. (Rev. St.) Any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement thereof, not known or used by others in this country, and not patented or described in any printed publication in this or any foreign country before his invention or discovery thereof, and not in public use or on sale for more than two years prior to his application, unless the same is proved to have been abandoned, may, upon payment of the fees required by law and other due proceedings had, obtain a patent therefor." (U. S. Comp. St. 1901, p. 3382.)

"Sec. 4888. Before any inventor or discoverer shall receive a patent for his invention or discovery, he shall make application therefor in writing to the Commissioner of Patents, and shall file in the Patent Office a written de-

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

scription of the same, and of the manner and process of making, constructing, compounding and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound and use the same; and in case of a machine he shall explain the principle thereof and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; and he shall particularly point out and distinctly claim the particular improvement or combination which he claims as his invention or discovery. The specification and claim shall be signed by the inventor, and attested by two witnesses." (Page 3383.)

"Sec. 4892. The applicant shall make oath that he does verily believe himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition or improvement for which he solicits a patent; that he does not know and does not believe that the same was ever before known or used; and shall state of what country he is a citizen. Such oath may be made before any person within the United States authorized by law to administer oaths, or, when the applicant resides in a foreign country, before any minister, charge d'affaires, consul, or commercial agent holding a commission under the government of the United States, or before any notary public of the foreign country in which the applicant may be. (Page 3384.)

"Sec. 4893. On the filing of any such application and the payment of the fees required by law, the Commissioner of Patents shall cause an examination to be made of the alleged new invention or discovery, and if on such examination it shall appear that the claimant is justly entitled to a patent under the law, and that the same is sufficiently useful and important, the commissioner shall issue a patent therefor."

Provision is also made by the statute for the purchase by any person of the inventor or discoverer of any patentable article prior to the application by the inventor or discoverer for a patent thereof, and also for the assignment of patents. Sections 4899, 4898, Rev. St. (U. S. Comp. St. 1901, p. 3387). For the purpose of carrying out these statutory provisions, the Commissioner of Patents, with the approval of the Secretary of the Interior, prescribed certain rules and regulations, among which is rule numbered 46, which is in these words:

"The applicant, if the inventor, must make oath or affirmation that he does verily believe himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition or improvement for which he solicits a patent; that he does not know and does not believe that the same was ever before known or used, and shall state of what country he is a citizen and where he resides, and whether he is a sole or joint inventor of the invention claimed in his application."

By section 5392 of the Revised Statutes (page 3653, U. S. Comp. St. 1901), it is provided:

"Sec. 5392. Every person who, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any writing, testimony, declaration, deposition, or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished [in a prescribed way]."

The record shows that upon the trial of the present case there was testimony going to show that about January, 1905, one Larsen, having pending in the Patent Office an application for a patent for an improvement in a one-piece harness buckle, entered into negotiations with the plaintiff in error, which culminated about April, 1905, in an assignment by Larsen to the plaintiff in error, one Van Emon, and a Mrs. Parrish, of all his rights in and to the application and buckle, that the

application made by Larsen was rejected by the Patent Office, and that shortly after the assignment mentioned a projecting lip .was added by Van Emon and the plaintiff in error to the rear cross-bar which connected the side pieces of the Larsen buckle, which addition was designed as an improvement on the buckle of Larsen. A joint application was thereupon made to the Patent Office by the plaintiff in error,. Van Emon, and Mrs. Parrish, for a patent upon the buckle as so improved, which application was subsequently abandoned. While in his· testimony Van Emon claimed that the added lip was suggested by him, the plaintiff in error testified that he was the originator of the suggestion, and his testimony is quite full to the effect that from the time of his negotiations with Larsen he worked upon the buckle, made various models and drawings thereof, and that, when in the early part of. 1907 he had gotten his conception freed of objections that had been made to it, he "approached Mr. Van Emon and Mrs. Parrish, and I (said the witness) asked them again to join me in making a new application—new blue prints—and that I felt confident from the correspondence that I had had`that I could obtain a patent on my buckle, and I was willing that they should join me. They both refused. Mr. Van Emon says, 'Your buckle without the loop for the back band, and loop for the belly band, and for the Yankee breeching, would be worthless,' and he says, 'I shall not spend another cent to try to get a patent on that buckle. I am disgusted with it.' Mrs. Parrish told me the same thing. She says: 'I won't do it at all.' Then the 20th of March, nearly two years after we had purchased the buckle from Mr. Larsen, I made application on this buckle, which was a different feature altogether. It was not the buckle which we had bought."

The testimony on the part.of the government was, in some respects, in conflict with this testimony of the plaintiff in error, but we state the latter in order to present clearly the main point in the case.

The affidavit made by the plaintiff in error in support of the last application referred to is the basis of the indictment against him, which ·charges, among other things, that he took an oath before·C. W. Hod-son, a notary public:

"That he verily believes himself to be the original, first, and sole inventor ·of the improvement in buckles described and claimed in the annexed specifica-tion, that he does" not know, and does not believe, that the same was ever· known or used before his invention or discovery thereof; * * * whereas, in truth and in fact, the said Charles A. Patterson at the time when he so swore and made his said declaration and affidavit as aforesaid well knew that he was not the original, first and sole inventor of said improvement in buck-les," etc., and that he "well knew and believed that the same had been known and used before his alleged invention and discovery thereof."

The theory upon which the case was tried, and that upon which the court instructed the jury, was, as said·by the learned judge of the court below in his opinion .denying the motion for a new trial which was made by the defendant in the case:

·"That the charge of perjury was based upon the words contained in the oath, namely: 'That he verily believes himself to be the original, first, and sole inventor of the improvement in buckles.' This is indicated by the in-struction of the court, as follows: 'Was it Van Emon or was it the defend-ant who was the inventor of this new improvement? Both of these men

claimed to be the original or first inventor of said improvement. If the defendant was the original, first, and sole inventor of such improvement, then that is the end of this case; because, if so, his oath or declaration would be true, and he would not be guilty of perjury under the indictment, but if Van Emon was the original, first, and sole inventor—and this you must ascertain—then another question will arise which has two aspects, namely, whether the defendant knew that Van Emon was such original, first, and sole inventor, and, having such knowledge, took the oath or made the declaration in question, or whether he had no knowledge of such fact, but, knowing that he himself was not such inventor, verified said oath or declaration—because in either event he could not have believed the alleged facts stated in such oath or declaration to be true.' It will be seen that the word 'sole' has a material bearing both on the theory upon which the case was tried, and on that upon which it was put to the jury by the instruction of the court. If perjury cannot be predicated upon the use of that word in connection with the words 'original' and 'first,' the oath having been made in a proceeding to obtain a patent, then a new trial should be granted; otherwise, it must be conceded that the judgment is proper." United States v. Patterson (D. C.) 172 Fed. 241, 245, 246.

The contention is made in support of the judgment that inasmuch as the statute in section 4886, supra, provides that the applicant for such a patent "may, upon payment of the fees required by law, and other due proceedings had, obtain a patent," etc., the department of the government charged with the duty of executing the law could legally prescribe by rule that in the affidavit required by section 4892 of the statute to be made by the applicant he shall also swear whether he is the sole or joint inventor of the invention claimed in his application. Granted that such a requirement can be legally made by rule of the department in order to determine whether or not the applicant was alone entitled to the patent applied for, or only in conjunction with some one else, it by no means follows that the department can by any rule or regulation add any word or words to the statutory oath, making that a crime which Congress did not make such. The law is thoroughly well settled that crimes in such matters are such only as the statutes have defined and declared. Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278; United States v. Keitel, 211 U. S. 370, 29 Sup. Ct. 123, 53 L. Ed. 230; United States v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591; Morrill v. Jones, 106 U. S. 466, 1 Sup. Ct. 423, 27 L. Ed. 267; United States v. United Verde Copper Co., 196 U. S. 215, 25 Sup. Ct. 222, 49 L. Ed. 449; United States v. Biggs, 211 U. S. 507, 29 Sup. Ct. 181, 53 L. Ed. 305, Robnett v. United States, 169 Fed. 778, 95 C. C. A. 244; United States v. Lamson (C. C.) 165 Fed. 80; United States v. Maid (D. C.) 116 Fed. 650; United States v. Blasingame (D. C.) 116 Fed. 654; London v. United States, 171 Fed. 82, 96 C. C. A. 186; Dwyer v. United States, 170 Fed. 160, 95 C. C. A. 416; Kettenbach v. United States, 170 Fed. 167, 95 C. C. A. 423; United States v. Grimaud (D. C.) 170 Fed. 205; United States v. Bedgood (D. C.) 49 Fed. 58.

In the instance in hand, the statute has defined the matters the willful false swearing to which is made to constitute the crime of perjury. Whether or not an applicant for a patent is the "sole" inventor of the thing claimed is not among the elements of the crime denounced by the statute. Therefore false swearing in respect to that matter cannot be a crime.

The testimony tends to show that both Van Emon and the plaintiff in error worked upon the buckle after the assignment by Larsen of whatever right he had, and that both Van Emon and the plaintiff in error contended in their testimony that the buckle as patented was the result of his own inventive genius. The testimony was such that the jury may have concluded that the buckle patented was the result of the joint genius of the two, in which event they may, under the instruction of the court to which reference has been made, have found the plaintiff in error guilty as charged on the ground that he was not the "sole" inventor of the patented buckle; but, as has already been said, inasmuch as the statute did not require the applicant for such a patent to swear that he was, that circumstance constituted no element of the crime of perjury. For this error, the judgment must be reversed, and the cause remanded to the court below for a new trial.

It is so ordered.