PATTERSON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,119.

1. PERJURY (§ 9*)—PATENTS—APPLICATION—VERIFICATION—AUTHORITY TO ADMINISTER OATH—NOTARY PUBLIC—"AUTHORIZED BY LAW."

A notary public of one of the states is an officer "authorized by law" to administer oaths, within Rev. St. § 4892, as amended by Act March 3, 1903, c. 1019, § 2, 32 Stat. 1226 (U. S. Comp. St. Supp. 1911, p. 1454), providing that an applicant for a patent shall make oath that he verily · believes himself to be the original inventor or discoverer of the art, etc.,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for which he solicits a patent, which oath may be made before any person within the United States "authorized by law" to administer oaths, etc.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 27–35; Dec. Dig. § 9.*]

2. PERJURY (§ 32*)—FALSE AFFIDAVIT—APPLICATION FOR PATENT—ORIGINAL INVENTOR—DELAY.

In a prosecution for perjury, based on the affidavit of an applicant for a patent that he verily believed himself to be the first inventor or discoverer of the art, etc., the fact that a prior inventor had unreasonably delayed the making and prosecuting of an application for a patent for himself. and had failed to use due diligence in reducing his idea to practice and making application for a patent, was immaterial.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 108–116; Dec. Dig. § 32.*]

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Charles A. Patterson was convicted of perjury, and he brings error. Affirmed.

See, also (D. C.) 172 Fed. 241; 181 Fed. 970, 104 C. C. A. 434.

John F. Logan and Hayward H. Riddell, both of Portland, Or., for plaintiff in error.

John McCourt, U. S. Atty., and Walter H. Evans, Asst. U. S. Atty., both of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error was twice convicted of the crime of perjury. On writ of error sued out by him on the first occasion, the judgment of the trial court was reversed, and the case remanded for a new trial. Patterson v. United States, 181 Fed. 970, 104 C. C. A. 434. Upon the retrial he was again convicted, and the case is again brought here.

It appears that about January, 1905, one Larsen had pending in the Patent Office an application for a patent for an improvement in a one-piece harness buckle, and entered into negotiations with the plaintiff in error, which culminated, about April of the same year, in an assignment by Larsen to the plaintiff in error, one Van Emon, and a Mrs. Parrish, of all his rights in and to the application and buckle; that the application made by Larsen was rejected by the Patent Office, and that shortly after the assignment mentioned a projecting lip was added by Van Emon and the plaintiff in error to the rear crossbar which connected the side pieces of the Larsen buckle, which addition was designed as an improvement on the buckle of Larsen. A joint application was thereupon made by the plaintiff in error, Van Emon, and Mrs. Parrish, for a patent upon the buckle as so improved, which application was subsequently abandoned. The plaintiff in error subsequently made application for a patent for the buckle as so improved, after, according to his testimony, the refusal of Van Emon and Mrs. Parrish to join him in such application; and the affidavit made by the plaintiff in error in support of such application is the basis of the indictment

against him, which charges, among other things, that he took an oath before C. W. Hobson, a notary public:

"That he verily believes himself to be the original, first, and sole inventor of the improvement in buckles described and claimed in the annexed specification; that he does not know and does not believe that the same was ever known or used before his invention or discovery thereof; * * * whereas, in truth and in fact, the said Charles A. Patterson, at the time when he so swore and made his said declaration and affidavit as aforesaid, well knew that he was not the original, first, and sole inventor of said improvement in buckles," etc., and that he "well knew and believed that the same had been known and used before his alleged invention and discovery thereof."

On the trial the testimony was substantially conflicting upon the question as to whether Van Emon or Patterson was the original and first inventor of the improvement in question, which conflict was, of course, a matter for the sole and exclusive determination of the jury.

[1] On behalf of the plaintiff in error it is earnestly insisted that Hobson, the notary public, was not authorized to administer the oath which Patterson took. The Supreme Court, in the case of United States v. Curtis, 107 U. S. 671, 2 Sup. Ct. 501, 27 L. Ed. 534, held that the provision of section 5392 of the Revised Statutes (U. S. Comp. St. 1901, p. 3653), in respect to the taking of an oath before a "competent tribunal, officer, or person," means some tribunal, officer, or person authorized by the laws of the United States to administer oaths in respect of the particular matters to which it relates. Specific provision, however, is made by Congress in respect to the oath required on the application for a patent in section 4892 of the Revised Statutes, as amended March 3, 1903 (32 Stat. 1226, c. 1019 [U. S. Comp. St. Supp. 1911, p. 1454]), which reads as follows:

"Sec. 4892. The applicant shall make oath that he does verily believe himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition, or improvement for which he solicits a patent; that he does not know and does not believe that the same was ever before known or used; and shall state of what country he is a citizen. Such oath may be made before any person within the United States authorized by law to administer oaths, or, when the applicant resides in a foreign country, before any minister, chargé d'affaires, consul, or commercial agent holding commission under the government of the United States, or before any notary public, judge, or magistrate having an official seal and authorized to administer oaths in the foreign country in which the applicant may be, whose authority shall be proved by certificate of a diplomatic or consular officer of the United States."

We agree with the court below that a notary public of one of the states is an officer "authorized by law," within the meaning of this section, to administer oaths.

[2] Upon the merits the gist of the contention on the part of the plaintiff in error is, not that there was no testimony to the effect that Van Emon was the original and first inventor of the improvement of the buckle in question, but that the oath taken by the plaintiff in error to the effect that he (Patterson) was the original and first inventor of it was not only intrinsically true, but also because Van Emon had unreasonably delayed making and prosecuting an application for a patent to himself. In a contest between rival claimants of the right to the patent, the failure of Van Emon to use due diligence in reducing his idea

to practice, and in making application for patent, would be material; but it is quite another question whether such negligence on Van Emon's part is pertinent to the charge that the plaintiff in error committed willful and corrupt perjury in swearing that he himself was the original and first inventor of the article.

We think the latter is not pertinent, as did the court below; for, if the contention of counsel for the plaintiff in error be correct, one in no sense an inventor could avail himself of the genius of the delinquent, make the statutory affidavit without danger of the charge of perjury, or even without any compunction of conscience, merely because of the fact that the real inventor was dilatory, and did not follow up his conception to the point of a finished article adapted for practical use. Such a doctrine, in our opinion, cannot be sound. It is true that in this case the testimony of the plaintiff in error was to the effect that he, and not Van Emon, was the original and first inventor of the improvement in the buckle in question; but there was testimony on the part of the government to the contrary, and that question of fact was for the exclusive determination of the jury. The court left it to the jury under instructions which were more than full, and quite fair, and which in part are as follows:

"Now, it is important that you should bear in mind that this is not a controversy—this case is not a controversy—between this defendant and Mr. Van Emon as to the ownership or the right to patent upon this alleged invention. That question is not in this case, because the charge here is simply one of perjury. Nor is there any question in this case as to whether Van Emon lost his right by abandonment. If he was the original inventor or discoverer of this article, which was subsequently patented to Mr. Patterson, and abandoned his rights or failed to prosecute his application in the Department, that, of course, would not have justified Patterson in making the affidavit that he himself was the first and original inventor; so the question here is for you to determine whether the statements in the affidavit filed by Patterson in March, 1907, when he applied for a patent upon this one-piece buckle, was true or false, and that is the real question in this case—whether he knew it to be so.

"You will notice that the indictment charges that the oath mentioned and contained statements alleged to be false in two particulars: First, that the defendant well knew that he was not the original and first inventor of this improvement, and that he well knew that Van Emon was such inventor; second, that he well knew and believed that the said invention had been known and used before his said invention and discovery thereof. If you are satisfied from the evidence, beyond a reasonable doubt, of the truth of either of these charges, in the light of the instructions given you by the court, you should find the defendant guilty.

"If you are satisfied from the evidence, beyond a reasonable doubt, that Van Emon was the original, first, and sole inventor of said improvement, and that defendant knew the same at the time he took and subscribed the oath— if you find that he did take and subscribe it as alleged in the indictment—it will be your duty to find the defendant guilty; but if you find from the evidence that the defendant was the first and original inventor of this improvement, or that he was the original and first inventor jointly with Van Emon or some one else, you cannot find the defendant guilty. And if you are not satisfied beyond a reasonable doubt that the defendant was not the original and first inventor, either jointly or solely, it will be your duty to acquit him, unless you further find to your satisfaction, beyond a reasonable doubt, that he knew and believed said improvement to have been known or used before his alleged invention or discovery thereof.

"Now, the first inventor is the one who first reduces the idea to some practi-

cal or useful form. It does not exist in the mere inventor's theories or ideas until they are reduced to some practical form. An invention cannot be predicated upon a mere conjecture, or mere speculation or conjecture, so that the mere idea of itself would not of itself constitute an invention until it was reduced to some practical form—put into some practical mechanical form.

"It is alleged in the indictment that the defendant well knew and believed that the invention had been known and used before his alleged invention and discovery thereof, and that defendant willfully made a false statement in said oath in this regard; therefore, if you find that the defendant knew he was not the first and original inventor, either joint or sole, of said invention, and knew Van Emon or some one else was such inventor, and willfully made the oath, then he would be guilty as charged.

"The oath set forth in the indictment, and which it is alleged defendant willfully took and subscribed, is one required by law. In the oath set forth it is stated that the applicant, or defendant, does verily believe himself to be the original, first, and sole inventor of the improvement mentioned. You will note that the word 'sole' is added to this affidavit. The statute, however, does not require an applicant for a patent to state whether he is the sole or joint inventor of the art or machine or improvement for which he solicits a patent, but only requires the applicant to state that he verily believes himself to be the first and original inventor.

"I instruct you that, inasmuch as the statute does not require the applicant to state whether he is the sole inventor, perjury cannot be predicated upon any statement that he is the sole inventor, and it is immaterial whether the defendant invented the patent solely by his own effort or jointly with another; that is, if defendant was either a joint or the sole inventor of the improvement, the oath would not be false in a material matter as to the part hereof relating to that question, but, if he was neither a joint nor a sole inventor, the oath would in that respect be false in a material matter.

"If Van Emon was the first, original, and sole inventor of the improvement, and the defendant had not a part in originating the same, he (the defendant) could be either the sole or joint inventor thereof, and if he knew this at the time he took and subscribed the oath set forth in the indictment, the oath would be false in two material particulars: First, wherein it is stated that the defendant is the original and first inventor of the improvement; and, second, wherein it is stated that he does not know and does not believe that the same was ever known before. And if you are satisfied, beyond a reasonable doubt, that the defendant willfully took and subscribed the same, knowing it to be false in either particular as stated, he will be guilty as charged in this indictment.

"The statements, however, in the affidavit made by the defendant, are presumed to be true, because they were made under oath. And such an oath is of equivalent value to the testimony of a creditable witness. In order, therefore, to convict one who subscribed such an affidavit of perjury, the government must satisfy you, beyond a reasonable doubt, of the falsity of the oath by the testimony of more than one credible witness, or the testimony of one witness and other corroborating proof sufficient to satisfy you that the statements were not true, or that the defendant did not honestly and in good faith believe that he was the first and original inventor at the time he made the affidavit.

The judgment is affirmed.