[In Bank.—January 12, 1883.]

EX PARTE JOHN COX ON HABEAS CORPUS.

CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.—The Act of the 4th of March, 1881, relating to the Board of State Viticultural Commissioners, and providing that the officer therein mentioned shall have power, subject to the approval of the board, to make and enforce rules and regulations in the nature of quarantine for certain purposes, in so far as it declares that a willful violation of the quarantine regulations of the board shall be a misdemeanor, amounts to a delegation of legislative power, and is unconstitutional. The legislature had no authority to confer upon the officer or board the power to declare what acts shall constitute a misdemeanor.

*Young & Young*, for Petitioner.

*W. A. Anderson, W. J. Tuska, S. H. Dwinelle, contra.*

PER CURIAM.—The petitioner was convicted of a misdemeanor, consisting of the violation of a rule and regulation of the Board of State Viticultural Commissioners. The powers attempted to be exercised by the officers and commissioners are specified in the Act of March 4, 1871. (Stats. 1881, p. 51.)

The act declares that the officer shall have power, subject to the approval of the board, to declare and enforce rules and regulations in the nature of quarantine, to govern the manner of, and restrain or prohibit the importation into the State and the distribution and disposal within the State, of infected vines, cuttings, and empty fruit boxes, etc. ; the act also declares that a willful violation of the quarantine regulations of the board shall be a misdemeanor.

For the purpose of local legislation, legislative functions may be conferred upon and exercised by municipal corporations; but the act before us is in no sense a conferring of powers for municipal purposes. The legislature had not authority to confer upon the officer or board the power of declaring what acts should constitute a misdemeanor. The legislative power of the State is vested in the Senate and Assembly. (Const. art. iv., § 1.) That power could not, as to the case before us, be delegated to the officer or board. The act before us does not say it shall be unlawful to import, distribute, or dispose of infected articles, but it attempts to confer upon the officer and board the power to so declare. (Cooley on Const. Lim. p. 141, and cases cited.)

The petitioner is discharged.