[No. 13293.   Department One. — March 30, 1891.]

# BOARD OF HARBOR COMMISSIONERS OF THE PORT OF EUREKA, APPELLANT, *v.* EXCELSIOR REDWOOD COMPANY, RESPONDENT.

CONSTITUTIONAL LAW — DELEGATION OF LEGISLATIVE POWER — IMPOSITION OF PENALTY — EXECUTIVE BODY. — The imposition of a penalty is a legislative function, and the legislature cannot delegate the power to impose it to an executive body.

ID. — RULES AND REGULATIONS — EXECUTIVE ADMINISTRATION — MAXIMUM OF PENALTY. — The legislature may authorize an executive body to make rules and regulations as acts of executive administration, but it cannot authorize it to declare what shall be a misdemeanor or to impose a penalty; and the fact that the legislature fixes a maximum of penalty, which it authorizes the body to impose, is of no avail.

ID. — PENALTY IMPOSED BY HARBOR COMMISSIONERS — POLITICAL CODE — UNCONSTITUTIONAL PROVISION. — Subdivision 6 of section 2569 of the Political Code, providing that the board of harbor commissioners of the port of Eureka may impose penalties not exceeding five hundred dollars for violation of the rules and regulations made by them for the protection of navigation in Humboldt Bay, is an attempt by the legislature to delegate legislative power, and therefore unconstitutional, and the commissioners have no power thereunder to impose a penalty.

APPEAL from a judgment of the Superior Court of Humboldt County.

The facts are stated in the opinion of the court.

*J. H. G. Weaver,* and *J. N. Gillett,* for Appellant.

The power given to the board to make rules as acts of executive administration is not a delegation of legislative power. (*Port Royal Mining Co.* v. *Hagood,* 30 S. C. 519.) The provision of the Political Code for a penalty is the imposition of a penalty by law. The legislature may delegate power to fix a sum not exceeding a certain amount. (*McAllister* v. *Hamlin,* 83 Cal. 361.)

*S. M. Buck,* for Respondent.

The legislature cannot confer upon the harbor commissioners the power to legislate, or to create a misdemeanor or impose a penalty. (*Ex parte Cox,* 63 Cal. 21; *Ex parte McNulty,* 77 Cal. 166; 11 Am. St. Rep. 257.) The rule attempts to make certain forbidden acts an offense, and the payment of five hundred dollars the penalty or forfeiture therefor. (*United States* v. *Montell,* Taney, 47; *Clark* v. *Barnard,* 108 U. S. 458.)

GAROUTTE, J. — This is an action to recover a penalty of five hundred dollars imposed by the plaintiff upon the defendant, for the violation of certain rules and regulations made by plaintiff.

Section 2568 of the Political Code provides that "the board of harbor commissioners of the port of Eureka are authorized and empowered to make such rules and regulations, and take such action, as may be necessary for the protection of navigation in Humboldt Bay."

Section 2569, subdivision 6, provides: "Impose penalties for violation of such rules and regulations, not exceeding, for any one violation, the sum of five hundred dollars, to be recovered by action."

Section 5 of the rules and regulations made by plain-

tiff, in pursuance of the above sections of the code, imposes a penalty in the sum of five hundred dollars for the violation of certain of these rules.

We do not believe the plaintiff has the power to impose a penalty as provided in the rule just mentioned.

The imposition of a penalty is in the nature of a *quasi* criminal proceeding, as it only follows from the violation of some law.

In *United States* v. *Montell*, Taney, 52, referring to the character and object of penalties, we find this language:—

"It is not damages, therefore, that are intended to be secured, but punishment intended to be inflicted upon those who are justly and properly responsible for any improper use of the vessels' register. . . . . In other words, it is a fixed penalty imposed by law as a *punishment* for breach of duty enjoined by law, and must be treated as such," etc.

The board of harbor commissioners is a creature of the statute, and purely an executive body, and the fixing and imposing of penalties are matters of which the legislature alone has cognizance. An act providing that if a person does or does not do a certain thing he shall pay a penalty of five hundred dollars is legislation. And it is a cardinal principle of representative government that the legislature cannot delegate the power to make laws to any other authority or body. (Cooley's Constitutional Limitations, 116, 139.)

Conceding that the legislature could delegate to the plaintiff the authority to make rules and regulations with reference to the navigation of Humboldt Bay, the penalty for the violation of such rules and regulations is a matter purely in the hands of the legislature.

The act of the legislature in fixing the maximum of such penalty is of no avail; the vice of the whole matter is in not itself fixing the penalty, and in delegating such legislative power to the plaintiff.

Justice Agnew, in *Locke's Appeal*, 72 Pa. St. 491, 13 Am. Rep. 716, says: "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes or intends to make its own action depend. To deny this would be to stop the wheels of government."

And it would seem that the establishment of rules as to the navigation of Humboldt Bay would be simply acts of executive administration which the legislature could delegate to the plaintiff as an executive body under the foregoing authority; but when the executive body has made such rules and regulations, it has exhausted all the authority which the legislature had power to confer upon it.

In the case at bar, the legislature attempted to go further than in the case of *Ex parte Cox*, 63 Cal. 21.

Under an act of the legislature approved March 4, 1881, the viticultural health officer, with the approval of the board of viticultural commissioners, was empowered to declare and enforce rules in the nature of quarantine, to prohibit the importation of diseased vines, etc.; and further provided that any willful violation of these rules should constitute a misdemeanor.

The petitioner Cox was discharged upon *habeas corpus* by this court, he having been convicted of violating certain of these rules and regulations.

The court said: "For the purpose of local legislation, legislative functions may be conferred upon and exercised by municipal corporations; but the act before us is in no sense a conferring of powers for municipal purposes. The legislature had not authority to confer upon the officer or board the power of declaring what acts should constitute a misdemeanor."

In that case, the legislature delegated the power to the board to make the rules, but expressly provided in the act itself the punishment for the violation of such rules.

But in the case at bar, the legislature not only delegated the power to the plaintiff to make the rules and regulations, but went far beyond that, and attempted to delegate the power to the plaintiff to punish for the violation of such rules and regulations. This could not be done.

Let the judgment be affirmed.

HARRISON, J., and PATERSON, J., concurred.