UNITED STATES v. BLASINGAME.

(District Court, S. D. California, N. D. November 14, 1900.)

No. 7.

1. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER—CREATION OF CRIMES.

The provision of the sundry civil appropriation act of June 4, 1897 (30 Stat. 11), making it a crime to violate any rule or regulation thereafter to be made by the secretary of the interior for the protection of forest reservations, is void, as in substance and effect a delegation of legislative power to an administrative officer.

Criminal Prosecution. On demurrer to information.

Frank P. Flint, U. S. Atty.

Johnston & Peterson and W. D. Tupper, for defendant.

WELLBORN, District Judge. I am of opinion that the act entitled "An act making appropriations for sundry civil expenses of the government for the fiscal year ending June thirtieth, eighteen hundred and ninety-eight, and for other purposes" (Act June 4, 1897; 30 Stat. 11), in so far as it declares to be a crime any violation of the rules and regulations thereafter to be made by the secretary of the interior for the protection of forest reservations, is, in substance and effect, a delegation of legislative power to an administrative officer. While the supreme court of the United States, in Field v. Clark, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294, and also in Re Kollock, 165 U. S. 526, 17 Sup. Ct. 444, 41 L. Ed. 813, held that there was no unconstitutional delegation of power in either case, yet, applying and observing here the principles and distinctions there enunciated and recognized, it is impossible to escape the conclusion which I have announced. U. S. v. Eaton, 144 U. S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591, although not precisely like the case at bar, may also be aptly cited in support of said conclusion. Clear statements and pertinent applications of the doctrine announced by the supreme court of the United States in the two cases first above cited, that legislative power can be exercised only by that branch of the government to which the constitution commits it, will be found

in People v. Parks, 58 Cal. 624, Ex parte Cox, 63 Cal. 21, and Board of Harbor Com'rs v. Excelsior Redwood Co., 88 Cal. 491, 26 Pac. 375, 22 Am. St. Rep. 321.

The demurrer to the information will be sustained.