[Civ. No. 4629.   Second Appellate District, Division One.—March 14, 1925.]

## A. C. BLUMENTHAL & CO. INC. (a Corporation), Petitioner, v. GEORGE E. CRYER, Mayor, etc., et al., Respondents.

[1] Municipal Corporations — Zoning Ordinances — Constitutional Law. — The power to pass zoning ordinances is conferred upon municipalities in California by the state constitution (art. XI, sec. 11) and by a legislative enabling act (Stats. 1917, p. 1419).

[2] Id.—Right to Make Exceptions—Severable Provision—Immaterial Issue.—The provision in a municipal zoning ordinance giving power to the council to make exceptions relieving any particular property from the restrictions of the district in which it is situated is severable and, even if invalid, will leave the remainder of the ordinance unimpaired; and it is not necessary for the court to determine the validity of such provision where there has not been any such exception made that can affect the merits of the case before the court.

[3] Id.—Discrimination—Mandamus—Evidence.—In this proceeding in *mandamus* to compel the issuance to petitioner of a permit for construction of an apartment house upon certain property owned by him, after his application for such permit was denied upon the ground that his property was situated within territory which, by a municipal zoning ordinance, was restricted to single family dwellings, the particular circumstances of location of petitioner's property, and of the character and condition of adjacent properties with respect to improvements and uses of property, did not show discrimination against petitioner.

(1) 28 Cyc., p. 737, n. 52 New, p. 765, n. 84.   (2) 28 Cyc., p. 372, n. 45.   (3) 28 Cyc., p. 769, n. 59.

PROCEEDING in Mandamus to compel the issuance to petitioner of a building permit.   Denied.

The facts are stated in the opinion of the court.

Milton M. Cohen and Jerome H. Kann for Petitioner.

1. Creation by statute or ordinance of restricted district within municipality from which business buildings are excluded, notes, 19 A. L. R. 1395; 33 A. L. R. 287. See, also, 18 Cal. Jur. 858.

3. See 18 Cal. Jur. 861.

Jess E. Stephens, City Attorney, and Lucius P. Green, Assistant City Attorney, for Respondents.

CONREY, P. J.—This is a proceeding in *mandamus* to compel respondents, and particularly the Board of Public Works of the city of Los Angeles, to issue to petitioner a permit for the construction of a class "A" fireproof apartment house upon certain property owned by petitioner. The application of petitioner for such permit was denied by the Board of Public Works, upon the ground that petitioner's property is situate within the territory described as zone "A" in Ordinance No. 42,666 (N. S.) of said city, as amended by Ordinance No. 43,779 (N. S.), which ordinances provide that "no building, structure or improvement shall be erected, constructed, established, altered or enlarged in the 'A' zone which is designed, arranged or intended to be occupied or used for any purpose other than a single family dwelling . . . " The building proposed to be erected by petitioner would contain many apartments.

Petitioner contends that the act of the legislature of 1917 authorizing municipalities to divide cities into zones for regulation of property uses, and the zoning ordinance of the city of Los Angeles prohibiting multiple residence buildings in residence districts, are obnoxious to the constitution of California and the constitution of the United States and are therefore void; that the said act of 1917 (Stats. 1917, p. 1419) and the said zoning ordinance are unreasonable, arbitrary, and oppressive in conferring upon the city council and the planning commission a wide and unregulated discretion in controlling the use of private property; that the said zoning ordinance, in permitting the continuation of prior use of improvements and penalizing a similar use thereafter, and also in authorizing the city council to make exceptions to the restrictions established by the ordinance, renders said ordinance discriminatory and void. The argument for petitioner, in support of its objections to the ordinance, includes a statement of the principles governing the exercise of the police power, and reviews many decisions of the courts in this state and elsewhere applying to the particular subject now before the court.

Two recent decisions of the supreme court of California have definitely passed upon all of the questions involved in this action. (*Miller* v. *Board of Public Works*, 195 Cal. 477 [38 A. L. R. 1479, 234 Pac. 381]; *Zahn* v. *Board of Public Works*, 195 Cal. 497 [234 Pac. 388].) The Zahn case affirms the validity of the same ordinance to which petitioner's objections herein are directed. **[1]** In the Miller case the court declared that the power to pass zoning ordinances is conferred upon municipalities in California by the fundamental law of the state (Const., art. XI, sec. 11) and by a legislative enabling act. (Stats. 1917, p. 1419.) The validity of the enabling act was assumed by the court. After reviewing many decisions on the subject of zoning ordinances the court said: "This brings us naturally to the question of whether or not there may be legally established, as a part of a comprehensive zoning plan, strictly private residential districts from which are excluded and absolutely prohibited general business enterprises, apartments, tenements and like structures. We are of the opinion that it may be done; that the establishment of such districts as a part of a systematic and carefully considered and existing zoning plan is a legitimate exercise of the police power delegated to the municipality. . . . There are some decisions which do not uphold the validity of a zoning ordinance establishing strictly residential districts. We are of the opinion, however, that the better-reasoned cases are in favor of the validity of comprehensive zoning which establishes strictly private home districts and that the most which can be said of the cases to the contrary is that they merely show that this is a question upon which reasonable minds may differ."

In the Zahn case the court held that the fact that the inclusion of the petitioner's property in zone "B" rather than zone "C" depreciated its value was not of controlling significance. (Citing *Spector* v. *Building Inspector of Milton* (Mass.), 145 N. E. 265, 267.) The court further said: "As to the objection that the ordinance was not retrospective but permitted the continuance of existing uses, it will suffice to say that for the purpose of zoning it is not necessary that existing uses shall be removed. (*Spector* v. *Building Inspector of Milton, supra.*) The ordinance was enacted for the purpose of directing the present and future

development of the city and no attempt was made to remold its past development. . . . The power of the city council to zone is not limited in our opinion to the protection of established districts.''

[2] Upon the point relating to section 4 of the ordinance, giving power to the council to make exceptions relieving any particular property from the restrictions of the district in which it is situated, it was held in the Zahn case that such provision of the ordinance is severable, and, even if invalid, would leave the remainder of the ordinance unimpaired. Therefore it was deemed to be not necessary to determine the question, as there had not been any such exception made that could affect the merits of the instant case. The same is true in the case at bar.

[3] The particular circumstances of location of petitioner's property, and of the character and condition of adjacent properties with respect to improvements and uses of property, are in no respects better calculated to show discrimination against petitioner than were the circumstances considered by the supreme court in the Zahn case. That case and the Miller case have so thoroughly covered the subject and established the law that there is practically nothing for this court to do other than to recognize their authority and apply them to the case in hand.

The petition for a peremptory writ of mandate is denied.

Houser, J., and Curtis, J., concurred.