[Civ. No. 5834. Fourth Dist. July 11, 1958.]

EDGAR WILLIAM DICKENSON et al., Appellants, **v.** MUNICIPAL COURT FOR THE SAN DIEGO JUDI-CIAL DISTRICT, Respondent; CITY OF SAN DIEGO, Real Party in Interest.

Swing, Scharnikow & Staniforth and Le Roy Seckler for Appellants.

No appearance for Respondent.

R. J. Curran, City Prosecutor (San Diego), and John L. Newburn, Deputy City Prosecutor, for Real Party in Interest.

MUSSELL, Acting P. J.—On January 26, 1956, complaints were filed in the Municipal Court of the San Diego Judicial District, County of San Diego, charging the appellants with the commission of seven misdemeanors in violation of various sections of the City of San Diego Municipal Code. The sections involved deal with the regulation and licensing of auto wrecking establishments in the city of San Diego and are substantially as follows:

Section 33.0903. Regulations—General. It shall be unlawful for any person to engage in the business of an automobile wrecker, unless such business is carried on, maintained or conducted in compliance with the following regulations:

Section 31.0121. Permit Requirements. No person shall engage in any business required to be licensed under the provisions of this Code until such license is first obtained.

Section 33.0903.1. Regulations—Enclosed Premises. That such business shall be carried on, maintained or conducted entirely inside an enclosed building or buildings, unless the premises on which such business is carried on, maintained or conducted shall be entirely enclosed by a solid fence or wall at least six (6) feet in height and constructed according to the requirements of the building code of said City.

Section 33.0903.2. Regulations — Maintenance of Fences. That such fence or wall shall be maintained in a neat, substantial, safe condition and shall be painted.

Section 33.0903.3 provides that a sign as therein described must be displayed on the property and regulates signs on the outward fence thereof.

Section 33.0903.4. Regulations—Gates. Gates for access to the premises shall swing inwardly, and such gates shall be kept closed when the premises are not open for business.

Section 33.0903.5. Regulations—Height of Piles. That no automobile salvaged parts, metals, tires and/or accessories shall be piled, or permitted to be piled, in excess of the height of the enclosing fence or wall or nearer than two (2) feet thereto.

Section 33.0903.6. Regulations—Inflammable Liquids. That all gas, oil or other inflammable liquid shall be drained and removed from any unregistered motor vehicle located thereon.

Section 33.0903.7. Regulations—Access for Inspection. That the premises shall be so arranged that reasonable inspection or access to all parts of the premises can be had at any time by the proper fire, health, police and building authorities.

Appellants, by demurrer, challenged the constitutionality of these sections. After the municipal court judge overruled the demurrer, appellants entered pleas of ''not guilty'' and trial was set for December 3, 1956, in said court. Appellants then filed a petition for a writ of prohibition in the Superior Court of San Diego County and an order restraining and prohibiting the said municipal court from entertaining, passing upon, hearing, trying and deciding motions, proceedings and trials based upon said complaints. An order granting an alternative writ of prohibition and order to show cause was issued by the said superior court and on August 9, 1957, said court ordered ''That the alternative writ of prohibition is discharged and a peremptory writ is denied.'' The appeal herein is from this order. Appellants contend that section 33.0903.7 is void for vagueness and uncertainty and that the

remaining sections involved are arbitrary, unreasonable and impose unconstitutional burdens upon appellants, entirely foreign to the legitimate objects of the police power.

The record shows that there has been no trial in the municipal court on the charges contained in the complaints filed and that appellants seek to avoid further proceedings in said court by the use of a writ of prohibition. This is an extraordinary writ and the question arises as to whether the court abused its discretion in refusing to grant it under the circumstances of this case.

 In 42 American Jurisprudence, Prohibition, section 7, page 143, it is said:

"There is a division of opinion among the courts as to whether the writ of prohibition is grantable only in the discretion of the court or as a matter of right on demand of the person seeking such relief. It is commonly said, and this seems to be the majority rule, that the writ is not one of right but one of sound judicial discretion, to be granted or refused according to the facts and circumstances of the particular case. It is the settled rule that ordinarily it will not issue where there is another legally adequate remedy, as by appeal or otherwise, or where the jurisdiction of the lower court is debatable, or depends on facts de hors the record, or where application for the writ is made by a stranger to the record."

 In *Rescue Army* v. *Municipal Court*, 28 Cal.2d 460, 466-467 [171 P.2d 8], the court, in deciding whether trial and appeal were adequate remedies under the circumstances of that case, said:

"A remedy is not inadequate merely because more time would be consumed by pursuing it through the ordinary course of law than would be required in the use of the extraordinary writ of prohibition. [Citations.] Experience has shown that most of the meritorious defenses are sustained and most of the unsubstantial constitutional or other objections are weeded out at the proper time on the proper showing during the trial or on appeal. These remedies are therefore considered adequate in the usual situations. If this were not so, then whenever jurisdiction is challenged prohibition would lie and the trial of the case would be interrupted until the reviewing court passed upon the intermediate question and appellate courts in many cases would be converted into *nisi prius* courts. [Citation.] . . .

"The fact that the remedies of trial and appeal were con-

sidered adequate in some cases and not in others does not mean that the application for the writ was arbitrarily granted in one and refused in another or that the decisions cannot be reconciled on principle. It is difficult, if not impossible, to lay down a hard and fast rule which will govern all situations, and it must be determined in each case, not only on the basis of precedent but from an examination of all the facts, whether there is an adequate remedy in the ordinary course of law.

A reviewing court, in order to prevent a failure of justice, has discretion in accordance with established legal principles and practice, to determine the circumstances which justify the use of prohibition to restrain a lower tribunal from acting without or in excess of its jurisdiction. And in the exercise of that discretion it may take into consideration the desirability of the prompt settlement of an important jurisdictional question so that a multiplicity of void proceedings in other cases will be prevented.''

In the instant case the facts alleged are sufficient to justify the trial court in denying the writ on the ground that appellants have adequate remedy by trial in the municipal court and by appeal therefrom to the superior court. There are no facts alleged showing that trial and appeal would be inadequate. While it is alleged in the petition for the writ herein that petitioners will be subjected to unreasonable expense, inconvenience and delay if the trial in the municipal court is permitted to proceed, the mere fact that more time would be consumed by a trial is not sufficient to show that the court abused its discretion in denying the writ. The record shows that the complaints herein were filed on January 26, 1956, and it does not appear that further delay would prejudice the rights of the petitioners. The record further supports the inference that appellants have made no showing of hardship other than the expense ordinarily incident to trial and appeal. It may also be reasonably inferred that where, as here, there are several complaints and charges, questions of fact may be involved and the defense of unconstitutionality of one section of the ordinance may be available as to some of the charges and not as to the others. These matters can be considered and decided during a trial or on an appeal.

Since we conclude that there was no abuse of discretion shown in the order denying the writ and that the remedy of trial and appeal or other remedies are adequate under the circumstances of this case, it is unnecessary to here pass upon

the constitutionality of the various questioned provisions of the San Diego Municipal Code.

The judgment and order are affirmed.

Griffin, J., and McCabe, J. pro tem.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 3, 1958. Carter, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.