[Civ. No. 18266. First Dist., Div. One. May 22, 1959.]

E. F. MOORE, Appellant, v. MUNICIPAL COURT OF SALINAS JUDICIAL DISTRICT, Respondent.

Louis C. Moore for Appellant.

William H. Stoffers, County Counsel, and John O. Thornberry, Chief Deputy County Counsel, for Respondent.

TOBRINER, J.—This is an appeal from a denial by the Superior Court of Monterey County of a writ of prohibition, directed to the Municipal Court of the Salinas Judicial Dis-

trict, which would have ordered the municipal court to desist from proceeding in a criminal action on the ground of the unconstitutionality of the involved ordinance.

A criminal complaint charged appellant with violation of section 1(a) of the Salinas Rural Fire District Ordinance Number 1 in that "defendant, within the boundaries of the Salinas Rural Fire District, did willfully burn a fire out of doors for the purpose of burning papers and trash and other inflammable materials in an unapproved incinerator without first having obtained a permit." Appellant demurred on the grounds that the facts stated did not constitute a public offense and that the ordinance was unconstitutional. When the municipal court overruled appellant's demurrer, he petitioned the superior court for a writ of prohibition. The court granted an alternative writ but after hearing ordered the writ discharged, remanded the case to the municipal court for further proceedings, and denied a permanent writ on the dual grounds of the unavailability of the writ and the constitutionality of the regulation. The original charge is still pending in the municipal court, but the parties have stipulated that the trial be postponed until determination of the present appeal from the order of the superior court.

Thus the superior court refused the writ but proceeded to uphold the constitutionality of the questioned ordinance. If the first ruling is to stand, the basis of the second must collapse; the court must have precluded itself from inquiry into the merits by the procedural refusal of the writ. We therefore examine each issue independently.

█ That this is a proper case, however, for the remedy of a writ of prohibition is demonstrated by these considerations: (1) the lower tribunal has determined that it had jurisdiction of the matter and was about to proceed to exercise it; (2) appellant did not have available to him a plain, speedy and adequate remedy at law; (3) the constitutionality of the questioned ordinance raised a sufficiently vital question to merit decision.

Turning to the threshold question, respondent apparently relies upon the older and conservative decision, *Fels* v. *Justice's Court* (1938), 28 Cal.App.2d 739 [83 P.2d 721], that the writ cannot issue because the lower tribunal's jurisdiction to determine its own jurisdiction is absolute and can be upset only upon appeal. █ However, the more recent applicable Supreme Court decision, *Rescue Army* v. *Municipal Court* (1946), 28 Cal.2d 460 [171 P.2d 8], recognizes that while the

lower tribunal has "jurisdiction" to determine its own jurisdiction this does not preclude the remedy of prohibition, saying: "When, however, the trial court has heard and determined the jurisdictional challenge, and has decided in favor of its own jurisdiction, and then proceeds to *act*, that is, *to try* the cause on its merits, . . . [i]t then may be properly claimed that a court without jurisdiction is purporting to *exercise it*. At this stage, jurisdiction to determine jurisdiction has been exercised, and the higher courts will, in an appropriate case, restrain the lower court from acting in excess of jurisdiction [citations]." (Pp. 464-465; see also *Glasser* v. *Municipal Court* (1938), 27 Cal.App.2d 455 [81 P.2d 260]; 40 Cal.Jur. 2d 132-134.)

■ In the present case when petitioner demurred to the criminal complaint, charging violation of the allegedly unconstitutional ordinance, the municipal court overruled the demurrer. To quote *Rescue Army, supra,* "it is apparent that the court had decided in favor of its own jurisdiction and . . . [was] proceeding to exercise it." (P. 465.) The municipal court would have tried the case. It was stopped only by the issuance by the superior court of an alternative writ. The underlying condition of *Rescue Army* for issuance of the writ was fulfilled.

■ The second issue poses the question whether petitioner had available to him a plain, speedy and adequate remedy at law. (Code Civ. Proc., § 1103.) It is true that appellant could have appealed to the appellate department of the superior court and that, historically, the older cases have held that such relief in itself precluded the issuance of the writ. (See *Powelson* v. *Lockwood*, 82 Cal. 613 [23 P. 143]; *Simpson* v. *Police Court of Riverside*, 160 Cal. 530 [117 P. 553].) The most recent cases recognize that the requirement that a defendant in a criminal case stand trial by a court which acts without or in excess of its jurisdiction is an imposition of personal hardship upon the defendant and a futile expense to the public. (See the excellent analysis in 3 Witkin, California Procedure, 2513-2514.) The burden becomes particularly acute in a situation in which the defendant must appeal to the appellate department of the superior court and he has no remedy of certiorari. (See *Rescue Army* v. *Municipal Court, supra,* 28 Cal.2d 460, 465-466; *Hampton* v. *Superior Court,* 38 Cal.2d 652, 656 [242 P.2d 1]; *Hill* v. *Superior Court,* 16 Cal. 2d 527, 529 [106 P.2d 876]; *Carter* v. *Superior Court,* 96 Cal. App.2d 388, 393 [215 P.2d 491]; 40 Cal.Jur.2d 138-139.)

■ Nor does the availability of a possible habeas corpus proceeding preclude the issuance of the writ. Two recent decisions compose the reasons why the court may entertain the issuance of the writ. In *Alves* v. *Justice Court,* 148 Cal. App.2d 419 [306 P.2d 601], when petitioner was charged with a violation of a municipal curfew regulation he moved dismissal on the ground of its unconstitutionality. The motion was denied; petitioner sought a writ of prohibition in the superior court which likewise was denied. Holding the ordinance unconstitutional, the District Court of Appeal stated as to the issue of prohibition: "We know of no rule which would compel appellant to stand trial upon a complaint based on a void statute with the possibility of conviction of contributing to the delinquency of a minor and a fine of $1,000 or imprisonment in the county jail for two years, or both, and not be able to raise a question as to the constitutionality of ordinances under which he was compelled to go to trial until after his conviction." (P. 425.) While *Dickenson* v. *Municipal Court* (1958), 162 Cal.App.2d 85 [328 P.2d 32] seemingly reaches an opposite conclusion in that the appellate court upholds the superior court in denying the writ on the ground of adequacy of remedy, the court proceeds to point out: "It may also be reasonably inferred that where, as here, there are several complaints and charges, *questions of fact* may be involved and the defense of unconstitutionality of one section of the ordinance may be available as to some of the charges and not as to the others. These matters can be considered and decided during a trial or on an appeal." (Italics added; p. 89.) The instant case raises no questions of fact.

Following the more modern rule of *Rescue Army,* the Supreme Court in *Hunter* v. *Justice's Court* (1950), 36 Cal.2d 315 [223 P.2d 465], approved the use of the remedy. Charged with violation of certain sections of the Public Resources Code, petitioner moved to dismiss the complaint upon the ground of their unconstitutionality. The justice's court denied the motion. Although the Supreme Court sustained the validity of the regulation, it held that submission to trial and appeal from an adverse judgment would not be an adequate remedy. While respondent attempts to distinguish Hunter upon the ground that denial of a motion to dismiss on the merits is not an appealable order, the overruling of the demurrer in the instant case is likewise not an appealable order (see Pen. Code, § 1466), and the decision applies.

■ Finally, the issuance of the writ is surely affected

by the social vitality of the issue involved. Appellant properly points out that "California is literally blanketed with districts of one kind and another, all concerned with the administration of this state's complex affairs, and requiring effective means of enforcing the rules and regulations promulgated by their boards of directors." The issue as to whether the Salinas Rural Fire District and similar entities may enact and enforce rules and regulations carrying the sanction of misdemeanors is a question of such importance that it should be decided by an appellate court. Indeed, if the fire district may not enforce such regulations, there may ensue the "multiplicity of void proceedings" which according to *Rescue Army*, should be prevented. (*Supra*, 28 Cal.2d 460, 467.) On the other hand, if the fire district may properly enact such regulations the writ may simply be denied on the merits. (See *Gorbacheff* v. *Justice's Court*, 31 Cal.2d 178 [187 P.2d 407].)

The three considerations set out above, and particularly the third, combine to make this case a proper one for the remedy of the writ of prohibition: the lower tribunal had determined it had, and was about to exercise, jurisdiction; no plain, speedy and adequate remedy at law was available to petitioner; and the question of the constitutionality of the ordinance constituted an issue of wide social importance.

We proceed, then, to the question of the constitutionality of the legislation. Appellant raises three points which echo the classic attack made in this type of case: (1) the legislation cannot stand under article XI, section 11, of the Constitution; (2) the legislation unlawfully delegates power to impose a penalty, and in this respect section 8 of the ordinance is obviously invalid; and (3) the legislation unlawfully delegates the power to promulgate rules and regulations of the fire district.

These objections must be analyzed in the light of the legislative enactment. The Legislature here has authorized the creation of fire protection districts pursuant to its inherent power (11 Cal.Jur.2d 499) to contain the awesome, destructive power of fire. (See 22 Cal.Jur.2d 138.) Sections 14001 to 14921 of the Health and Safety Code authorize the creation of such districts, providing for their establishment in four types of areas: in unincorporated areas (§ 14001 et seq.); in metropolitan areas (§ 14325 et seq.); in counties (§ 14400 et seq.); and in areas in one or more counties (§ 14600 et seq.). The Salinas Rural Fire Protection District was created under

the latter section providing for fire protection districts in one or more counties.

The legislation provides that "[t]he directors shall manage and conduct the business and affairs of the district" (§ 14680); that "[t]hey shall make and enforce all rules and regulations necessary for the administration and government of the district and for the furnishing of fire protection to it" (§ 14681); that they shall remove fire hazards and to that end may clear highways and lands (§ 14684); that "[t]he directors shall perform all other acts necessary, proper and convenient to accomplish the purposes of this chapter" (§ 14685). Section 14688 provides that "[e]very person who violates any of the provisions of an ordinance of the directors is guilty of a misdemeanor."

Pursuant to the code provisions, the Salinas Fire Protection District set up regulations in the first seven sections of its ordinance for controlling fire and burning as well as associated matters within the district. Section 8, however, declares that "[a]ny person . . . who shall violate any of the provisions of this ordinance . . . shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than Five ($5.00) Dollars, nor more than Three Hundred ($300.00) Dollars, or by imprisonment in the County Jail of Monterey County, California, not exceeding 90 days, or by both such fine and imprisonment . . . ."

As we have said above, appellant's first complaint is that the legislation cannot stand under article XI, section 11, of the Constitution, since that section describes the exclusive political entities which have the power to enact penal ordinances. It is true the Constitution states that "[a]ny county, city, town, or township may make and enforce within its limits all local, police, sanitary and other regulations as are not in conflict with the general laws." (Cal. Const., art. XI, § 11.) It is likewise true that this section does not include fire districts.

On the other hand, respondent contends that the constitutional provisions are enabling rather than restrictive and that the Legislature may properly delegate to such bodies the power to make administrative regulations. Consequently, the issue actually devolves into the answers to the second and third points raised by appellant as to unlawful delegation.

■ Turning, accordingly, to the contention that we treat

here an unlawful delegation of a power to fix a penalty, we recognize that the Legislature may not delegate to a subordinate administrative body the power to promulgate rules and regulations coupled with the power to fix the penalty for their violation. The power to fix the penalty cannot be fragmentized without the danger that multiple administrative agencies may impose different sanctions for the same violation.

The Legislature must retain the prerogative of the definition of the penalty because its distribution to various agencies could cause disparate and inequitable punishment for identical offenses. But so long as the Legislature determines the penalty it may leave the administrative body the actual making of the multiple rules called for by the specific subject matter regulated.

The Legislature in this instance did enact a statute which provides that the violation of any of the provisions of an ordinance issued pursuant to it would constitute a misdemeanor. In essence the violation of any provision of the ordinance is tantamount to a violation of the legislation itself. (See Davis, Administrative Law (1951), 69-70.) The Legislature fixed the penalty; it did not transgress the principle that it not turn over to others this important function.

The decisions expostulate this principle; the Supreme Court case of *United States* v. *Grimaud* (1910), 220 U.S. 506 [31 S.Ct. 480, 55 L.Ed. 563], serves as a leading exponent. Reciting that its purpose was the protection of forest reserves " 'against destruction by fire and depredations . . .' " the Congress gave the Secretary of Agriculture authority to issue rules as to the use and occupation of such forests and provided further that the violation of such rules constituted a criminal act. (P. 509.) Upholding the Legislation, the U.S. Supreme Court pointed out that " [t]he Secretary did not exercise the legislative power of *declaring the penalty* or *fixing the punishment* for grazing sheep without a permit, but the punishment is imposed by the act itself." (Italics added; p. 523.)

This principle has long been accepted in California. It finds an early expression, predating Grimaud, in *Harbor Commrs.* v. *Excelsior Redwood Co.* (1891), 88 Cal. 491 [26 P. 375, 22 Am.St.Rep. 321]. Rejecting the attempt of the Harbor Commissioners to impose their own penalty for violation of one of their rules, the court intimated that the vice of the legislation lay in the fact that the Legislature "not only delegated the power . . . to make the rules and regulations,

but . . . the power . . . to punish for the violation of such rules . . . .'' (P. 495.) The court points out that the ''penalty for the violation of such rules . . . is a matter purely in the hands of the legislature.'' (P. 493.) The later case of *In re Potter* (1913), 164 Cal. 735 [130 P. 721], approves Grimaud. *Gilgert* v. *Stockton Port District* (1936), 7 Cal.2d 384 [60 P.2d 847], reiterates the principle by invalidating the creation of the Stockton Port District because the Legislature ''attempted to bestow upon such agencies the power to declare penalties for the violation of the many and varied rules and ordinances they may see fit to enact.'' (Pp. 390-391.)

These decisions dispose of the early case of *Ex parte Cox* (1883), 63 Cal. 21, which apparently held that '' [t]he legislature had not authority to confer upon the officer or board the power of declaring what acts should constitute a misdemeanor,'' and the parallel dicta in *In re Peppers* (1922), 189 Cal. 682 [209 P. 896]. In any event *In re Lasswell*, 1 Cal.App.2d 183 [36 P.2d 678], distinguished *In re Peppers* on the grounds of the inadequacy of the primary standards of the legislation and the failure of the Legislature to prescribe the violation of the rules as a criminal offense.

In the light of the cases, the validity of the legislative creation and implementation of the fire district contrasts with the invalidity of the attempt of the district in section 8 to declare the amount and nature of the penalty. As we have pointed out *supra*, section 8 of the ordinance sought to fix the fines and term of imprisonment for violation of the ordinance. Its obvious invalidity is conceded by respondent.

The abortive penalty clause of the ordinance, however, does not condemn it in its entirety. The offending section is separable. It does not affect the remaining substantive portions of the ordinance which are still enforceable as misdemeanors designated as such by the Legislature. The two lower courts properly upheld the validity of the remainder of the ordinance. (See *In re Weisberg*, 215 Cal. 624, 632 [12 P.2d 446]; *People* v. *Lewis*, 13 Cal.2d 280 [89 P.2d 388]; *Looff* v. *City of Long Beach*, 153 Cal.App.2d 174, 186 [314 P.2d 518]; 11 Cal.Jur.2d 424 et seq.)

If, then, we conclude that the Legislature has not unlawfully delegated the power to impose a penalty, and that the sections of the ordinance, which do not describe penalties, may stand, we must finally examine appellant's third conten-

tion that the legislation attempts an unlawful delegation of power to fix rules and regulations. Appellant particularly attacks section 14686 because it endows the directors with the power to adopt ordinances providing for such rules and regulations. But the day has long since passed when it may be successfully argued that the Legislature may not delegate to administrative boards powers properly contained within primary standards (*Nelson* v. *Dean,* 27 Cal.2d 873, 881 [168 P.2d 16, 168 A.L.R. 467]; *First Industrial Loan Co.* v. *Daugherty,* 26 Cal.2d 545, 549 [159 P.2d 921];*Wotton* v. *Bush,* 41 Cal.2d 460, 469 [261 P.2d 256]), as well as authority to adopt rules and regulations to accomplish the general purposes of the legislation (see *Fillmore Union High School Dist.* v. *Cobb,* 5 Cal.2d 26, 33 [53 P.2d 349]). Indeed, the very complexity of modern government necessitates this kind of delegation.

 Appellant's subsidiary argument that the directors could conceivably adopt arbitrary regulations under the ordinance falls before the requirement that the rules must pertain to the objectives of the legislation and accord with the primary standards. (See *Pacific Tel. & Tel. Co.* v. *Public Utilities Com.,* 34 Cal.2d 822 [215 P.2d 441]; *California State Auto. etc. Bureau* v. *Downey,* 96 Cal.App.2d 876 [216 P.2d 882]; 10 Op. Att. Gen. 47; 2 Cal.Jur.2d 148.)

We conclude that this is a proper case for the remedy of the writ of prohibition. We conclude, further, that the ordinance which petitioner was charged to have violated is a constitutional ordinance. The order is affirmed.

Bray, P. J., and Wood (Fred B.), J., concurred.