[Civ. No. 31220.    Second Dist., Div. Two.    Mar. 19, 1968.]

BERT A. CHARROT, Plaintiff and Appellant, v. THE MUNICIPAL COURT OF THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent.

Weinberg & Pachter and Martin C. Pachter for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and John A. Daly, Assistant City Attorneys, and John T. Neville, Deputy City Attorney, for Defendant and Respondent.

FLEMING, J.—In February 1966, a complaint was filed in the Municipal Court of Los Angeles Judicial District charging Charrot with a misdemeanor under Business and Professions Code, sections 7430.5 and 7416, in that he ''was a person who did wilfully and unlawfully represent and permit a representation to be made on behalf of a cosmetological establishment and school of cosmetology that its place of business was a barbershop, made by use of a display of a device similar to a barber pole and otherwise.'' After Charrot's demurrer on constitutional grounds had been overruled, he petitioned the superior court for a writ of prohibition. His petition was denied, and this appeal followed.

The language of the complaint parallels the text of Business and Professions Code, section 7430.5, enacted as section 3 of chapter 1821, 1965 Stats. Section 4 of that chapter provided: ''. . . this act shall remain in effect until two years from the effective date of this act, and shall have no force or effect after that date.'' The act became effective 17 September 1965 and by its terms expired on 16 September 1967.

The parties have devoted their briefs to the constitutionality of section 7430.5, but we do not reach that question since we have concluded that the prosecution of Charrot is no longer timely.

The general rule governing abatement of prosecutions when a law has been repealed or has expired, is that in the absence of a saving clause prosecutions not reduced to final judgment are barred. (*In re Estrada,* 63 Cal.2d 740, 746-747 [48 Cal.Rptr. 172, 408 P.2d 948]; *Spears* v. *County of Modoc,* 101 Cal. 303 [35 P. 869]; *The Irresistible,* 7 Wheat. 551 [5 L.Ed. 520].) California's saving clause for criminal offenses is found in section 9608, Government Code: ''The termination or suspension (by whatsoever means effected) of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the law so terminated or suspended, unless the intention to bar such indictment or information and punishment is expressly declared by an applicable provision of law.''

By its terms the saving clause preserves pending prosecutions unless the act under construction contains an express declaration of a legislative intention to abate them. In the present case the act under which Charrot was charged specifically stated it would have no force or effect after the date of its expiration. ■ "[S]tatutes should be so construed, whenever possible, as to give effect to each word and phrase therein contained." (*People* v. *Tawney*, 168 Cal.App.2d 599, 611 [336 P.2d 659].) ■ We construe this statement in the act as a sufficiently explicit declaration of intention to bar punishment after the law's expiration to satisfy the conditional limiting clause of Government Code, section 9608. Since the act under construction clearly provided its own expiration date, we conclude that the phrase ". . . shall have no force or effect after that date" amounted to a legislative declaration against subsequent punishment which superseded the general saving clause. (Cf. *In re Estrada,* 63 Cal.2d 740, 745 [48 Cal.Rptr. 172, 408 P.2d 948]; see also *Bell* v. *Maryland,* 378 U.S. 226 [12 L.Ed.2d 822, 84 S.Ct. 1814].)

■ Since the municipal court presently lacks jurisdiction to proceed with the prosecution and there is no plain, speedy, and adequate remedy in the ordinary course of law, prohibition is a suitable remedy. (Code Civ. Proc., §§ 1102, 1103; see *Moore* v. *Municipal Court,* 170 Cal.App.2d 548, 552 [339 P.2d 196].)

The judgment is reversed with directions to the superior court to issue the writ.

Roth, P. J., and Herndon, J., concurred.