[Civ. No. 31596. Second Dist., Div. Four. Aug. 19, 1968.]

L. B. FOSTER COMPANY, Plaintiff and Respondent, v. COUNTY OF LOS ANGELES et al., Defendants and Appellants.

Harold W. Kennedy and John D. Maharg, County Counsel, and A. R. Early, Assistant County Counsel, for Defendants and Appellants.

Baker, Ancel & Redmond and Mark G. Ancel for Plaintiff and Respondent.

JEFFERSON, J.—Plaintiff instituted this action seeking a refund of property taxes paid under protest. The taxes were paid pursuant to combined escaped and penal assessments made by the county assessor for the tax years beginning in 1963 and 1964. The penal assessments were imposed upon the determination of the assessor that plaintiff had misrepresented and underreported the costs of its inventories for those years. The penal portion of each assessment was set at 100 percent of the size of each escaped assessment, and thus represented 50 percent of the total escaped-penal assessment. The superior court granted plaintiff a summary judgment for an amount representing the portion of the taxes arising from the penal assessments. It did so ''by reason of the unconstitutionality of Sections 501, 503 and 504 of the Revenue and Taxation Code.'' Defendants appeal from this judgment.

■ The issue presented is whether Revenue and Taxation Code sections 503 and 504, as they read prior to amendment in 1966, are unconstitutional.[1] Apparently, the question of the constitutionality of penal assessments made under these sections has never been tested.

■ At the outset, recognition must be given to the rule that mere doubt as to the validity of a statute does not present a sufficient basis for a judicial declaration of invalidity. Every presumption is in favor of the statute's validity. ■ In short, "Statutes must be upheld unless their unconstitutionality clearly, positively and unmistakably appears." (*Lockheed Aircraft Corp.* v. *Superior Court,* 28 Cal.2d 481, 484 [171 P.2d 21, 166 A.L.R. 701].)

Sections 503 and 504, as they existed before being amended in 1966, and at the times material herein, read:

"503. Any property, including intangibles, wilfully concealed, removed, transferred, or misrepresented by the owner or his agent to evade taxation, shall be penally assessed on discovery."

"504. A penal assessment shall not exceed 10 times the value of the property penally assessed."

■ In support of the trial court's determination, plaintiff in essence contends that these sections unconstitutionally delegate judicial power to a nonjudicial officer in violation of the principle of separation of powers and of due process. It is argued that the assessor, an administrative officer, is given unlimited discretion to determine whether or not a violation of the statute has occurred; whether or not a penalty should be imposed; and, if so, the amount of such penalty, up to "10 times the value of the property penally assessed." The further argument is made that an inadequate judicial review procedure is provided to review the assessor's actions under these sections.

Defendants on the other hand maintain that neither the federal nor the state Constitutions contain any provision which would prevent the Legislature from delegating to an administrative officer the power to exercise a judicial discretion to determine the size of a civil penalty he may impose upon a taxpayer whom he determines has wilfully evaded property taxation where provision is made for judicial review to correct an improper exercise of that discretion.

---

[1]Despite the language of the judgment, section 501 is not involved. No assessment was made under that section.

Plaintiff's argument based upon the separation of powers has no applicability to the assessor, who is a county officer. Strict separation of legislative, executive and judicial powers does not exist in county government, and is not constitutionally required. (*Carfer* v. *Caldwell* (1906) 200 U.S. 293, 297 [50 L.Ed. 488, 489, 26 S.Ct. 264]; *People* v. *Provines* (1868) 34 Cal. 520, 532.)

 The delegation of powers to the assessor under these sections does not exceed constitutional limits. Section 503 does not give the assessor any discretion. It provides that when the owner docs certain things, the property "shall be penally assessed on discovery." The assessor determines the facts in the first instance, but subject to judicial review. (See *Columbia Sav. Bank* v. *County of Los Angeles* (1902) 137 Cal. 467 [70 P. 308].)

Section 504 does give the assessor the responsibility of determining the amount of the penalty within statutory limits, subject to review by the Board of Equalization pursuant to Revenue and Taxation Code section 1604.1.

 It has long been recognized that when a statute prescribes a penalty, it is proper to delegate to an administrative officer or board the power to determine the amount of the penalty within the statutory limits. This is so whether the administrative agency is a regulatory body (e.g., *People* v. *Western Airlines, Inc.* (1954) 42 Cal.2d 621 [268 P.2d 723]), a licensing authority which exercises no judicial powers (e.g. *Nardoni* v. *McConnell* (1957) 48 Cal.2d 500, 507 [310 P.2d 644]) or a prison board authorized by statute to fix the terms of convicted felons (*In re Lee* (1918) 177 Cal. 690 [171 P. 958]).

 The discretion conferred upon the assessor under section 504 is no broader than that conferred by former Political Code section 3633, which authorized the assessor to estimate the value of property if the taxpayer neglected to submit a statement under oath. That law was held constitutional in *Orena* v. *Sherman* (1882) 61 Cal. 101.

*Harbor Comrs.* v. *Excelsior Redwood Co.* (1891) 88 Cal. 491 [26 P. 375, 22 Am.St.Rep. 321] is distinguishable. That case declared unconstitutional the provisions of a Political Code section which empowered the Board of Harbor Commissioners, a statutory body, to establish rules for navigation and to impose a penalty not exceeding $500 for a violation of those rules. This was said to be an impermissible delegation of legis-

lative power. There the statutory board was to determine what conduct was unlawful. In the case at bench the Legislature has prescribed the duty, and has required that a penal assessment shall be imposed, leaving to the administrative officials of the county only the determination of the amount of the penalty to be imposed in a particular case, but within statutory limits. As we have pointed out above, administrative discretion as to the amount of a penalty is by itself generally considered proper, and the *Harbor Commissioners* case is not to the contrary.

*Gilgert* v. *Stockton Port Dist.* (1936) 7 Cal.2d 384 [60 P.2d 847], cited by plaintiff here, also involves only the power of a local district to enact police regulations. That opinion has nothing to do with the administrative enforcement of sanctions prescribed by the Legislature.

The imposition of the penalties called for in Revenue and Taxation Code sections 503 and 504 does not violate the requirements of the state Constitution that property must be taxed in proportion to its value (Cal. Const., art XIII, § 1) and that property must be assessed at full cash value or a uniform fraction thereof (Cal. Const., art. XI, § 12; see *County of Sacramento* v. *Hickman* (1967) 66 Cal.2d 841, 851 [59 Cal. Rptr. 609, 428 P.2d 593]).

The code sections referred to call for the imposition of a penalty because the property owner has committed an act in violation of a duty imposed by law. This is intended to be a civil sanction, over and above the collection of the tax which results from uniform assessment. In *Helvering* v. *Mitchell* (1938) 303 U.S. 391, 401. [82 L.Ed. 917, 923, 58 S.Ct. 630], the court said: ''The remedial character of sanctions imposing additions to a tax has been made clear by this Court. . . . They are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud.''

The use of such civil penalties has long been an important and necessary part of tax law. ▮ The constitutional provisions calling for equal assessment cannot be construed as forbidding some extra charge against a taxpayer for violating the law.

▮ The plaintiff is entitled to an additional administrative remedy before the penal assessment becomes final. The record shows that the taxes which gave rise to this action were based upon assessments made effective in October 1965. Reve-

nue and Taxation Code section 1604.1, enacted as of September 17, 1965, provides that an assessment pursuant to section 503 is not effective until its review by the Board of Equalization. When the plaintiff appeared before the Board of Tax Appeals (which hears such matters in Los Angeles County) the board refused a hearing, upon the advice of the county counsel. After this action was filed the county conceded that plaintiff was entitled to a hearing before the board, and in its answer to the complaint, prayed that the matter be remanded to the board for a hearing under section 1604.1. The trial court, believing section 503 to be unconstitutional, ordered summary judgment against the county. The county now acknowledges that if this judgment is reversed, plaintiff will be entitled to a hearing before the board.

The judgment is reversed.

Files, P. J., and Kingsley, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 17, 1968. Mosk, J., was of the opinion that the petition should be granted.